<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Civil Action No. 10-53 (JAP) |
| | Bankr. Case No. 08-25913 (KCF) |
| Christian Athanassious, | |
| | **OPINION** |
| Debtor. | |
| | |
| Carol Palmer, | |
| Petitioner, | |
| v. | |
| Christian Athanassious, | |
| Respondent. | |

PISANO, District Judge:

Pursuant to 28 U.S.C. § 158(a), Appellant Carol Palmer ("Palmer") has appealed the United States Bankruptcy Court's November 24, 2009 Order granting Appellee Christian Athanassious's ("Athanassious") a discharge under 11 U.S.C. § 727. The issue presented in the instant appeal is whether the Bankruptcy Court lacked the authority to grant Athanassious a discharge during the pendency of Palmer's appeal of the Bankruptcy Court's January 21, 2009 Order. As set forth more fully below, the Court holds that the Bankruptcy Court had authority to grant Athanassious a discharge on November 24, 2009, and that discharge was properly entered. Accordingly, the Order of the Bankruptcy Court is affirmed.

**I.    BACKGROUND**

Athanassious struck Palmer with his Jeep Cherokee while she was crossing a street in the City of Philadelphia on October 17, 2007. The Jeep Cherokee driven by Athanassious was not insured. Palmer sustained serious injuries as a result of the accident and collected $100,000.00 from her automobile insurer, exhausting her uninsured motorist coverage. The money received from her automobile insurer covered some, but not all, of Palmer's medical bills. Palmer filed a personal injury law suit against Athanassious in the Philadelphia Court of Common Pleas[1] during the March Term 2008.[2]

On August 22, 2008, Athanassious filed a voluntary Chapter 7 bankruptcy petition (the "Petition") in the United States District Court for the District of New Jersey. Bankr. Docket No. 08-25913, Docket Entry No. 1. Palmer was listed among Athanassious's creditors in the Petition. A Meeting of Creditors was conducted before the bankruptcy trustee on October 10, 2008. Palmer's personal injury attorney attended the meeting and questioned Athanassious on her behalf. After several minutes of questioning by Palmer's attorney, the trustee advised counsel that because the questions being asked concerned Palmer's personal injury claim they should be asked outside the Meeting of Creditors. At the conclusion of the October 10, 2008 Meeting of Creditors, Palmer's attorney announced that he planned to depose Athanassious.

On November 19, 2008, Palmer's bankruptcy attorney requested that Athanassious make himself available for a deposition pursuant to Federal Rule of Bankruptcy Procedure 2004. On November 21, 2008, Palmer's attorney was advised by letter that Athanassious was available on December 2, 2008. On November 24, 2008, Palmer filed a motion for an extension of time to file a motion under section 707 and/or complaint under section 523 and/or section 727 of the United States Bankruptcy Code asserting that "counsel was unable to complete the examination

---

1   Civil Docket No. 001076.
2   Facts related to Palmer's personal injury suit against Athanassious are taken from this Court's November 6, 2009 Opinion in Palmer's prior appeal. Civil Action No. 09-1090, Docket Entry No. 9.

2

of [Appellee] and requires more documents to complete the investigation" as the sole basis for relief.  Palmer did not respond to Athanassious's letter concerning the December 2, 2008 deposition date prior to filing the motion.  The last day to oppose Athanassious's discharge was December 9, 2008.[3]

On December 15, 2008, the Bankruptcy Court held a hearing on Palmer's motion.  Athanassious's attorney did not appear due to a docketing error and Palmer's motion was granted after very limited oral argument.  When Athanassious's attorney learned of the hearing and its outcome, he immediately filed a motion for reconsideration.  On January 12, 2009, the Bankruptcy Court heard argument on Athanassious's motion for reconsideration, and in an opinion on the record granted Athanassious's motion for reconsideration and vacated the court's earlier order granting Palmer's motion for an extension of time to file a motion under section 707 and/or complaint under section 523 and/or section 727 of the United States Bankruptcy Code.

Palmer filed a Notice of Appeal in this Court, appealing the Bankruptcy Court's January 21, 2009 Order granting Athanassious's motion for reconsideration and vacating the court's order granting Palmer's motion for an extension of time to file a motion under section 707 and/or complaint under section 523 and/or section 727 of the United States Bankruptcy Code on March 11, 2009.  Civil Docket No. 09-1090, Docket Entry No. 1.  On November 6, 2009, this Court affirmed the Bankruptcy Court's Order in a written opinion.  *Id.*, Docket Entry No. 9.  Palmer did not seek a stay of the bankruptcy proceedings in this Court or in the Bankruptcy Court pending an appeal of this Court's November 6, 2009 Order and, consequently, the Bankruptcy Court granted Athanassious a discharge on November 24, 2009.  Bankr. Docket No. 08-25913,

---

3   "In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  Fed. R. Bankr. P. 4004(a).

3

Docket Entry No. 32.  On December 3, 2009, Palmer filed a motion to vacate Athanassious's discharge.  *Id.*, Docket Entry No. 35.  Also on December 3, 2009, Palmer appealed this Court's November 6, 2009 decision to the United States Court of Appeals for the Third Circuit.  Civil Action No. 09-1090, Docket Entry No. 11.  Palmer's appeal is currently pending.  *Id.*, Docket Entry No. 12.  On February 8, 2010, the Bankruptcy Court entered an Order denying Palmer's motion to vacate.  Bankr. Docket No. 08-25913, Docket Entry No. 50.

Palmer filed an appeal of the Bankruptcy Court's Order discharging Athanassious in this Court on January 6, 2010.  Civil Action No. 10-53, Docket Entry No. 1.  Palmer argues that the Bankruptcy Court improperly granted Athanassious a discharge during the period in which Palmer was permitted to appeal this Court's November 6, 2009 decision to the Third Circuit

## II.   JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) and Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.  Appellate courts review "the bankruptcy court's legal determinations *de novo,* its factual findings for clear error and its exercise of discretion for abuse thereof."  *In re United Healthcare System, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)).  The Bankruptcy Court's legal determination of dischargeability is reviewed *de novo*.  *In re Martin*, 96 Fed.Appx. 62, 63 (3d Cir. 2004) (citing *In re Kiwi Int'l Air Lines, Inc.,* 344 F.3d 311, 316 (3d Cir. 2003)).

## III.   DISCUSSION[4]

Federal Rule of Bankruptcy Procedure 8017 provides:

---

[4] Athanassious argues that Palmer's failure to obtain a stay of this Court's Order of November 6, 2009, renders this appeal moot.  The Court disagrees.  Palmer's appeal of this Court's November 6, 2009 Order to the Third Circuit may be rendered moot by Athanassious's subsequent discharge, however, that is an issue for the Third Circuit to decide.

> (a) Automatic stay of judgment on appeal
>
> Judgments of the district court or the bankruptcy appellate panel are stayed until the expiration of 14 days after entry, unless otherwise ordered by the district court or the bankruptcy appellate panel.
>
> (b) Stay pending appeal to the court of appeals
>
> *On motion* and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals. A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment. A bond or other security may be required if a trustee obtains a stay but a bond or security shall not be required if a stay is obtained by the United States or an officer or agency thereof or at the direction of any department of the Government of the United States.
>
> Fed. R. Bankr. P. 8017(a)-(b) (emphasis added).

While the Bankruptcy Code only specifically requires a party to seek a stay pending appeal in two situations,[5] there are "a myriad of circumstances [that] can occur that would necessitate the grant of a stay pending appeal in order to preserve a party's position." *In re Highway Truck Drivers & Helpers Local Union No. 107*, 888 F.2d 293, 298 (3d Cir. 1989). A party's failure to seek a stay of a final order pending appeal can have serious consequences. *See id.* at 297-98 (listing cases in which events occurred during the pendency of an appeal that rendered the appeal moot when a stay of the lower court's order was not obtained pending appeal). "Although as a general rule a party need not seek a stay of a lower court's judgment in order to protect its right

---

5   11 U.S.C. § 363(m) states: "The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 364(e) states: "The reversal or modification on appeal of an authorization under this section to obtain credit or incur debt, or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal." Neither provision is applicable to the instant matter.

to appeal, the consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the lower court as final notwithstanding that an appeal is pending." *Id.* (quoting *In re Kahihikolo,* 807 F.2d 1540, 1542 (11th Cir. 1987)) (internal citations, alterations and quotations omitted).

This Court entered its Order affirming the Bankruptcy Court's decision to grant Athanassious's motion for reconsideration and vacate its prior order granting Palmer's motion for an extension of time to file a motion under section 707 and/or complaint under section 523 and/or section 727 of the United States Bankruptcy Code on November 6, 2009. The Bankruptcy Court did not enter its Order discharging Athanassious until November 24, 2009, well after the expiration of the 14 day stay provided automatically by Federal Rule of Bankruptcy Procedure 8017(a), and prior to Palmer appealing this Court's decision to the Third Circuit. If Palmer wished to stay the Order of this Court past the 14 day period provided by Rule 8017(a), she was required to seek a stay by motion to this Court. Fed. R. Bankr. P. 8017(b). In the absence of a stay pending appeal, the Bankruptcy Court was correct to treat this Court's judgment as final. *See In re Highway Truck Drivers & Helpers Local Union No. 107*, 888 F.2d at 297-98.

Federal Rule of Bankruptcy Procedure 4004(c) requires the Bankruptcy Court to grant a Chapter 7 debtor a discharge "forthwith" after "the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e)" have expired unless:

    **(A)** the debtor is not an individual;

    **(B)** a complaint objecting to the discharge has been filed;

    **(C)** the debtor has filed a waiver under § 727(a)(10);

    **(D)** a motion to dismiss the case under § 707 is pending;

    **(E)** a motion to extend the time for filing a complaint objecting to the discharge is pending;

    **(F)** a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending;

    **(G)** the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code, unless the court has waived the fees under 28 U.S.C. § 1930(f);

    **(H)** the debtor has not filed with the court a statement of completion of a course concerning personal financial management as required by Rule 1007(b)(7);

    **(I)** a motion to delay or postpone discharge under § 727(a)(12) is pending;

    **(J)** a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending;

    **(K)** a presumption has arisen under § 524(m) that a reaffirmation agreement is an undue hardship; or

    **(L)** a motion is pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f).

None of the statutory exceptions to the Bankruptcy Court's mandate to discharge a Chapter 7 debtor "forthwith" is applicable in this case. Palmer argues that her motion for an extension of time to file a motion under section 707 and/or complaint under section 523 and/or section 727 of the United States Bankruptcy Code renders Rule 4004(c)(E) applicable to this case because she was seeking an extension of time to file a complaint objecting to Athanassious's discharge. The Bankruptcy Court denied her request for an extension of time and this Court has affirmed. The requirements of Rule 4004(c) are clear, none of the exceptions to prompt discharge were present in this case, and the Bankruptcy Court properly discharged Athanassious.

    **IV.**   **CONCLUSION**

For the forgoing reasons, the Bankruptcy Court's November 24, 2009 Order granting Athanassious a discharge is affirmed. An appropriate order accompanies this Opinion.

<u>/s/ Joel A. Pisano</u>  
United States District Judge

Dated: March 31, 2010